In The

United States District Court

For The Southern District Of Texas

Brownsville Division

United States District Court
Southern District of Texas
FILED

DEC 1 3 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| Adalberto Cipple | ) |
|     Petitioner | ) |
| | ) |
| VS | ) |
| | ) |
| United States Of America | ) |
|     Respondent | ) |

Crim. No. B-95-00223-01

Civil No. **B-01-204**

**(To Be Issued)**

---

## Memorandum Of Law In Support Of Motion Under Title 28 USC §2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody, And Or In The Alternative Motion To Dismiss Indictment

To The Honorable United States District Judge Fileman B. Vela Presiding;

**COMES NOW** the Petitioner Adalberto Cipple (hereinafter referred to as the Petitioner) appearing in pro se and in propria persona. Petitioner who is but a lay person, and who is compelled to act in his own behalf by reason of poverty is without the assistance of a professionally trained Attorney At Law. Petitioner therefore respectfully requests that this Honorable Court not to hold him to the same stringent standards as you would hold an Attorney At Law interposing, **Haines vs Kerner, 404 US 599 (1972).**

The Petitioner respectfully moves for this Honorable Court to **GRANT** his this instant foregoing motion pursuant to Title 28 USC § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody, And Or In The Alternative Motion To Dismiss Indictment. And in support hereof the Petitioner would state to wit, and will show as

(1)

follows;

## JURISDICTION

Petitioner is a prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the grounds that the sentence was imposed in violation of the Consti- tution or laws of the United States, or that the Court was without **JURISDICTION** to impose such sentence or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. The Petitioner may move the court which impose the sentence to vacate, set aside or correct the sentence pursuant to Title 28 USC 2255, therefore this Honorable Court has **JURISDICTION** to hear and reach the merits of Petitioner's instant grounds for re- lief in light to **Apprendi vs New Jersey,** 530 US 466, 120 S. Ct. 2348, 147 LEd 2d at 435 (2000); **Jones vs United States,** 526 US 227, 119 S. Ct. 1215, 143 LEd 2d at 311 (1999); **Bousley vs United States,** 523 US 614, 118 S. Ct. 1604 (1998).

## STATEMENT OF THE CASE

The Defendant Cipple and other codefendant's were the subject of a four-count indictment filed by a Federal Grand Jury in Browns- ville, Texas, on October 24, 1995. The Indictment charge's the defend- amt's as follows;

**Count 1;** Conspiracy to possess with intent to distribute a quantity exceeding 1,000 Kilograms of marijuana a violation of 21 USC §846, §841(a)(1), and §841(b)(1)(A).

**Count 2;** Possessing with intent to distribute a quantity exceeding 100 Kilograms of marijuana, in violation of 21 USC §841(a)(1), § 841(b)(1)(B), and Title 18 USC §2.

(2)

**Count 3;** Possessing with intent to distribute a quantity exceeding 100 Kilograms of marijuana in violation of 21 USC §841(a)(1), §841 (b)(1)(B), and Title 18 USC §2.

**Count 4;** Possessing with intent to distribute a quantity exceeding 100 Kilograms of marijuana in violation of 21 USC §841(a)(1), §841 (b)(1)(B), and Title 18 USC §2.

The Defendant Cipple and other codefendants for the exception for Juan Gilberto Perez, and Thomas Casares proceeded to a jury trial, commencing on January 19, 1996. Perez and Casares plead guilty and cooperated with the Government. On January 26, 1996, the jury found Adalberto Cipple guilty on all four counts of the indictment. Defendants Geraldo Torres, Jose Mejia, Agapito Montalvo Silguero, Severiano Perez, Jaime Benavidez, and Oscar Beltran were found guilty of count 1 of the indictment and set sentencing for April 2, 1996. The Defendant Cipple was sentenced to **188 months** of imprisonment, to follow upon release to five (5) years of supervise release. The Defendant Cipple submitted an timely Notice of Appeal, this appeal was denied. The Defendant Cipple now seeks relief pursuant to Title 28 USC §2255, claiming that his indictment was defective, and that the court had **NO JURISDICTION** to impose sentence.

## STATEMENT OF THE FACTS

Investigation by the U.S. Probation Officer and trial testimony reflects that in early 1980's a drug trafficking organization headed by Artemio Belmontes, Sr. and his sons operated out of the Starr County, Texas area. The organization transported truck loads of marijuana primarily to Houston and Dallas, Texas. The loads ranged in size from approximately 70 Kilograms to 1,000 Kilograms. The

Defendants in the instant indictment represented a sub-cell of the Belmontes Organization utilized by Arnaldo Belmontes to effect successful shipment of marijuana from Starr County, Texas to point north. In late 1993, Belmontes brought Javier "Negro" Cisneros of Rio Grande City, Texas, into the organization to assist in his (Belmontes) transporting activities. Belmontes sought to keep a low profile in the wake of several seizures of marijuana loads under his control. Cisneros was recruited to assume transprotation activities which dealt with circumventing U.S. Border Patrol checkpoints. Cisneros contacted Adalberto Cipple in an effort to locate individuals who could assist in the transportation of marijuana to Houston. In late 1991, a Belmontes associate, Ivo Perez, took Belmontes to meet Adalberto Cipple (Beto). Cipple was a native of Jim Hogg County and knew of individuals who had access to various ranch's which circumvented the Border Patrol checkpoint. Cipple, cognizant of Belmontes' need to gain ranch access for his drug transportation activities introduced Belmontes and Ivo Perez to **Jerry Torres.** Torres worked at the Eshleman Ranch near Hebbronville, Texas and had access im areas which could be utilized by the Belmontes Organization. Perez was introduced by Cipple to a Cisneros associate. According to Perez' trial testimony, Cipple advised that if both Perez and Cisneros associate agreed to the transporting activity, Perez' fee would be $65.00 per pound and Cipple would receive a $10.00 per pound fee from Perez' fee. In December 1994 Belmontes and Jorge Bustamante met with Cipple at the San Carlos Ranch. Cipple was given $500.00 and asked to locate ranchers willing to provide the Belmontes Organization with ranch access for their marijuana transporting activities. Cipple agreed to participate in the

(4)

marijuana transporting activity and eventually enlisted the help of Aldaberto Villarreal to act as a ranch guide for the transport vehicle. **UNKNOWN** to Cipple, Villarreal was acting as a source of information for the Laredo DEA Task Force. On February 7, 1995 Arnoldo Belmontes was arrested in connection with his indictment under cause number B-94-181. He subsequently agreed to cooperate with the Government and introduce an undercover agent to Aldaberto Cipple and his associates. On May 16, 1995, Belmontes introduced the undercover agent to Cipple and his associates at his (Belmontes) warehouse in Los Saenz, Texas as **"Manuel,"** a large scale drug dealer from Mexico who had 4,000 pounds of marijuana to transport. On May 24, 1995, a second undercover meeting was held between the undercover agent, Cipple, Silguero, and Beltran at a motel in Kingsville, Texas. On August 31, 1995 a third undercover meeting was held at a motel in McAllen, Texas. Present at the third meeting with the undercover agent and Cipple was Severiano Perez. A fourth meeting was held on September 8, 1995 at a motel in Kingsville, Texas. Present at the meeting was Cipple, Jaime Benavidez and Thomas Casares. During this meeting plans to transport 500 pounds of marijuana were discussed. On October 2, 1995 the Defendant Cipple was arrested and released on November 1, 1995 on a $1,000,000.00 cash/surety bond with a $2,500.00 deposit. During the trial the Government introduced the testimony of **Rebecca Moreno** indicating that during the time frame alleged in the instant conspiracy, she was involved in transporting marijuana in connection with Cipple. According to **Moreno's** testimony she met with Cipple in July 1992 through **"Cuates" Ramirez** of Roma, Texas when she and her son agreed to transport marijuana to Houston, Texas on behalf of Ramirez. **Moreno's** association with Cipple terminated in February

(5)

1994, when she was arrested in Victoria, Texas with a load of 260
pounds of marijuana. Evidence reflected that **Moreno** and Cipple were
involved in approximately 36 loads of marijuana weighting approximate-
ly 200 pounds each. On January 25, 1995, after trial testimony, the
Court made finding as to relevant conduct and role. The Court found
Cipple was responsible for not less than **27,061** pounds of marijuana.
The Court made **"NO"** finding as to Cipple's role. However, analysis
of the defendants paricipation as it relates to the larger conspiracy
headed by Belmontes suggests Cipple role was neither aggravating nor
mitigating.

**Petitioner's Indictment Is Constitutionally Defective, As The Indict-
ment Failure To Provide Drug Quantity Which Is An Element Of The
Offense, Therefore The Court Had No Jurisdiction To Impose Sentence
In Light Of Apprendi vs New Jersey**

### DEFECTIVE INDICTMENT

### Issue No. I

On June 26, 2000, the United States Supreme Court rendered
it's landmark decision in **Apprendi vs New Jersey,** 530 US 466, 120
S. Ct. 2348, 147 LEd 2d at 435 (2000). No other case in recent
memory has had such sweeping implications for so many criminal
defendants. It further determine by the Supreme Court, however,
explicitly, stated that it's opinion **"does not announce any new
principle of constitutional law, but merely interprets a particu-
lar federal statute in light of a set of constitutional concerns
that have emerged through a series of decisions over the past
quarter century."** Petitioner's claims in his this arguement present-

(6)

ed that the Government, in the interest of condor, notes the quantity of marijuana involved in the offense was not alleged in the indictment and that the Court had **"NO JURISDICTION"** right to impose sentence on Petitioner. Furthermore Petitioner's sentence of 188 months of imprisonment, and the five (5) years of supervise release has violated the rule announced in **Apprendi vs New Jersey,** supra, it provides;

> "Apprendi requires the Government to allege the drug quantity in the indictment submit it to the jury and prove it beyond a reasonable doubt when the Government seeks a sentence pursuant to Title 21 USC §841(a) pro- visions triggered only by specified drug quantity ranges."

Also see a favorable Fifth Circuit case law, **United States vs Doggett,** 230 F3d at 160 (5th Cir. 2000) it states;

> "If the Government seeks enhanced penalty for offense of manufacturing or distributing controlled substance based on amount of drugs involved in offense quantity of drugs is elements of offense which must be stated in indictment and submitted to jury for finding of proof beyond reason- able doubt."

**COUNT 1;** Defendants and others, known and unknown to the grand jury to possess with intent to distribute and to distribute in excess of 1000 Kilograms of marijuana, a schedule I controlled substance, in violation of Title 21 USC §841(a)(1), all in violation of Title 21 USC §846, and §841(b)(1)(A). **"NO"** approximate drug quantity is men- tion in Count I of Petitioner's indictment, see Exhibit A Indictment.

**COUNT 2;** Defendants did knowingly, intentionally, and unlawfully possess with intent to distribute in excess of 100 Kilograms of marijuana, a schedule I controlled substance in violation of Title 21 USC §841(a)(1), §841(b)(1)(B), and Title 18 USC §2. **"NO"** appro- ximate drug quantity is mention in Count 2 of Petitioner's indict- ment, see Exhibit A Indictment.

(7)

**COUNT 3;** Defendants did knowingly, intentionally and unlawfully possess with intent to distribute in excess of 100 Kilograms of marijuana, a schedule I controlled substance, in violation of Title 21 USC §841(a)(1), §841(b)(1)(B) and Title 18 USC §2. **"NO"** approximate drug quantity is mention in Count 3 of Petitioners indictment, see Exhibit A Indictment.

**COUNT 4;** Defendant, did knowingly, intentionally and unlawfully possess with intent to distribute in excess of 100 Kilograms of marijuana, a schedule I controlled substance, in violation of Title 21 USC §841(a)(1), §841(b)(1)(B), and Title 18 USC §2. **"NO"** approximate drug quantity is mention in Count 4 of Petitioners indictment, see Exhibit A Indictment. Therefore Petitioner's indictment is constitutionally defective on it's face, and is not a true bill, based on the ruling of **Apprendi vs New Jersey**, regarding drug quantity. In Petitioner's case the indictment, it does not include the approximate, and or the correct quantity of drugs involved in Petitioner's instant foregoing federal offense, which is an **essential element** of the offense and can not be excluded from the indictment and submitted to jury for finding of proof beyond reasonable doubt. See **United States vs Garcia**, 242 F3d at 593 (5th Cir. 2001) Conviction affirmed; sentence vacated and remanded, it states as follows;

> "Without a jury determination of drug quantity, defendants prison sentence and term of could not exceed statutory maximum."

In **Garcia's** case **Garcia** relies and cite's the following case law to support his issue. See **United States vs Gonzalez**, 259 F3d at 355 (5th Cir. 2001) it states;

> " The Government must alleged drug quantity in the indictment submit it to the jury and prove it beyond a reasonable doubt when the Government seeks a sentence triggered only by

(8)

specified drug quantity ranges, pursuant to the statutory provisions for enhanced penalties under §841(b)."

Also in **Garcia's** arguement **Garcia** cite's another favorable case law that helps him to successfully have his case sent back to the District Court for resentencing, based on his arguement that his indictment was defective, because it fail to allege the drug quantity. See the case lae **United States vs Doggett**, supra,it states;

" We recently held in United States vs Doggett, that when the Government seeks enhanced penalties based on the amount of drugs under either §841(b(1)(A) or §841(b)(1) (B), drug quantity is an element of the offense that must be submitted to a jury under **Apprendi**."

As in Petitioner's case the Government excluded the drug quantity on all of the four (4) Counts of the indictment, the drug quantity being an essential element of the Petitioner's instant offense. Petitioner states that, the Grand Jury Clause of the United States Constitution provides that "[n]o person shall be held to aswer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." United States Constitution Fifth (5th) Amendment. We have said that;

"[t]o comport with the Fifth and Sixth Amendments a criminal indictment must (1) contain all of the elements of the offense so as to fairly inform the defendant of the charges against him, and (2) enable the defendant to plead double jeopardy in defense of future prosecutions for the same offense."

Also the United States Constitution Sixth (6th) Amendment provides as follows;

" [t]he accused shall enjoy the right.... to be informed of the nature and cause of the accusation."

An indictment also limits the defendants jeopardy to offense charged by a group of his fellow citizens acting indepently of either prosecuting attorney or judge. See **Stirone vs United States**, 361 US 218

(1960). The following Fifth Circuit case laws have recently succes-
sfully argued that the drug quantity is an essential element of the
charge crime and must be stated in the indictment. See **United States
vs Longoria,** 259 F3d at 363 (5th Cir. 2001); **United States vs Bapt-
iste,** 264 F3d at 378 (5th Cir. 2001); **United States vs Gonzalez,** 259
F3d at 355 (5th Cir. 2001); **United States vs Smith,** 264 F3d at 518
(5th Cir. 2001); **United States vs Doggett,** F3d at 230 (5th Cir.
2000); **United States vs Meshack,** 225 F3d at 556 (5th Cir. 2000);
**United States vs Burton,** 237 F3d at 490 (5th Cir. 2000); **United States
vs Vasquez-Zamora,** 253 F3d at 211 (5th Cir. 2001). Petitioner in this
case follows the same arguement as the above Fifth Circuit case laws.
regarding the exclusion of drug quantity, which is an essential element
of the offense, from the indictment, and therefore the Petitioner must
be treated and or have the same results as this cases, in reference
to drug quantity being excluded,     Petitioner further contends that
the **Apprendi** rule **"must be applied,"** when evaluating what facts may
be determined by a sentencing judge by a prepondence of the evidence
and what must be charged in an indictment and decided by a jury be-
yond a reasonable doubt. Petitioner was charged with violating
federal statutes/laws as follows; The four (4) Count indictment
charge the defendant with Title 21 USC §841(a)(1), §841(b)(1)(A),
§841(b)(1)(B), §846, and Title 18 USC §2. See the attached Exhibit
A Indictment. The Court impose on Petitioner to 188 months of impri-
sonment according to the findings indirect or direct of 27,160 pounds
(12,345.5 Kilo's), **"HOWEVER"** this number of drug quantities were not
included in the indictment as required in the **FRCP, Rule 7(c)** and in
light of the rule in **Apprendi,** as the drug quantity is an essential

(10)

element of the crime in this case. In the case of **Garcia** which
followed the same arguement as the Petitioner and as **Gonzalez,**
and **Longoria,** (Gonzalez and Longoria are codefendants) were named
in the same indictment which was defective on its face, as in
Petitioners indictment, the **Garcia** states;

> " Under §841(b)(1)(D), the maximum prison sentence for a
> person without a prior conviction for a felony drug offense
> is five years (60 months). Defendants prison sentence of 97
> months exceeds this maximum and according must be reduced
> to no more than 60 months."

The Petitioner further claims that the Government may not seek
enhanced penalties based on drug quantities under Title 21 USC §841
(b)(1)(A) or §841(b)(1)(B) provisions triggered only by specified
drug quantity. As in **Garcia,** as in **Gonzalez,** and as in **Longoria,** and
other favorable Fifth Circuit case law presented herein Petitioner's
indictment fails to allege a drug quantity. In light of that failure,
than **§841(b)(1)(D)** comes into play, and sets forth the statutory
maximum to which Petitioner **must** be sentenced, which due to the absence
of a prior drug conviction is Five (5) years (60 months). **§841(b)(1)**
**(D)** is the **"DEFAULT PROVISION"** for a drug charge involving marijuana.
The maximum term of supervise release to which Petitioner can be
sentenced to is three 3 years. Petitioners 188 months trem of impri-
sonment and the 5 years of supervise release obviously exceeds the
statutory maximum and as such Petitioners sentence is plainly errone-
ous. Therefore Petitioner shouldn't have been sentenced to **NO** more
than **60 months** and to **NO** more than three (3) years of supervise
release in light to the Supreme Court ruling of **Apprendi vs New**
**Jersey.**

(11)

## JURISDICTIONAL

### Issue No. II

The Petitioner further states, what is of monumental importance. and tied to the **Apprendi vs New Jersey,** supra, issue is the question of **JURISDICTION.** Some recent cases specifically state that the quantity of drugs must be alleged in the indictment. See **United States vs Garcia,** supra, **United States vs Gonzalez,** supra, **United States vs Longoria,** supra, **United States vs Meshack,** supra, **United States vs Doggett,** supra, **United States vs Smith,** supra, **United States vs Baptiste,** supra, and **United States vs Vasquez-Zamora,** supra. they all follow the same language, they all state as follows;

> " Consequently, the quantity of drugs must be alleged in the
> indictment and proved to the jury beyond a reasonable doubt
> if  as here, the Government seeks enhanced penalties under
> §841(b)(1)(A) or §841(b)(1)(B)."

Such cases discuss **Apprendi** as it applies to the importance of drug quantity appearing in the indictment. If such does not appear in the indictment, the indictment is defective on its face, not a true bill. And thus there exist's a **JURISDICTIONAL** issue, such as in Petitioners case, based on the lack of the proper elements being set forth in the indictment and the resulting failure in establishing proper **JURISDICTION** for the case to proceed. Based on this facts, making of this arguement that a **deficient indictment affects jurisdiction** allows the issue of jurisdiction, under the theory of **Apprendi** "TO BE BRO-UGHT AT ANY TIME."** See **Ex Parte Bain,** 121 US 1, 12-13, 30 LEd at 849, 7 S. Ct. 781 (1887). The notion that an indictment is a prerequisite to jurisdiction over a criminal case in the Federal Courts is long established. In **Ex Parte Bain,** the Supreme Court first stated its opinion that an indictment founded by a grand jury was indispensable

(12)

to the power of the court to try the Petitioner for the same crime with which he was charged. For this proposition, **"the Bain case....has never been disapproved...."** Consequently, it has long been a settled rule of law in the United States Courts that the Declaration of Article 5 of the Amendments to the Constitution that **"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury"** is jurisdictional and no court of the United States has authority to try a prisoner without indictment or presentment in such cases. The Court said; " to comport with the Fifth and Sixth Amendments, a criminal indictment must **(1)** contain all of the elements of the offense so as to fairly inform the defendant of the charges against him, and **(2)** enable the defendant to plead double jeopardy in defense of future prosecutions for the same offense."See **United States vs Stirone**, supra, (emphasis added) it states;

> " Thus, when an indictment fails to set forth an essential
> element of a crime, the court.... has **NO** jurisdiction to
> try (a defendant) under that court of the indictment."

Also see **United States vs Fitzgerald**, 89 F3d at 218 (5th Cir. 1996) it states;

> " An indictment's failure to charge an offense constitutes
> a **jurisdictional** defect. Because an indictment is **juris-
> dictional,** defendants at any time may raise an objection
> to the indictment based on failure to charge an offense.
> Also in Fitzgerald the defendant challenged an indictment
> for possession of cocaine base in excess of five grams for
> failing to include the weight element of that offense."

In Petitioner's case the indictment completely failed to allege an essential element of the charge offense. Drug quantity are essential elements of Title 21 USC §841(b)(1)(A) and §841(b)(1)(B), and must be pled specifically. In Petitioner's case, these type of differences were not minor technical flaws subject to harmless error analysis,

but fatal flaws requiring dismissal of the entire indictment. The
Fifth Circuit has held in another favorable case law, **United States
vs Cabrera-Terran**, 168 F3d at 141 (5th Cir. 1999) it states;

> " that failure of the indictment to charge each and every
> essential element of an offense is a serious constitutional
> violation."

A defective indictment may be jurisdictional, and can be brought at
any time in most circumstances. In **United States vs Cabrera-Terran**,
it states;

**(1)** " Indictment failure to charge an offense constitutes a
jurisdictional defect."

**(2)** " Because an indictment is jurisdictional defendants at
any time may raise an objection to the indictment based
on failure to charge an offense and the defect is not
waived by a guilty pled."

**(3)** " To be sufficient an indictment must allege each material
element of the offense; if it does not, it fails to charge."

**(4)** " One of the central purposes of an indictment is to ensure
that the grand jury finds **probable** cause that the defendant
has committed each element of the offense, hence justifying
a trial as required by the Fifth Amendment."

Petitioner states that because this is an **JURISDICTIONAL** issue,
**"it can be argued at any time."** Petitioner relies on **Ex Parte Bain**,
supra, to support this claim. That because Petitioner's indictment
is constitutional defective on its face, the Court had **"NO JURIS-
DICTION,"** to impose sentence. Petitioner has been incarcerated since
September 2, 1995 under a sentence of a court established by Act Of
Congress. Petitioner **NOW** claims the right to be released upon the
grounds that the sentence was imposed in violation of the Fifth and
Sixth Amendment of the Constitution, or laws of the United States,
or that the Court was without **JURISDICTION** to impose such sentence
or that the sentence was in excess of the maximum authorized by law
or is otherwise subject to collateral attack. Petitioner must be
granted with time served and must be immediately release, in order

(14)

so that it will serve to the best in the interest to justice.

## IN CONCLUSION

**WHEREFORE,** the Petitioner Adalberto Cipple, hereby and respect-fully moves this Honorable Court to issue an **ORDER GRANTING,** Petitioner's instant foregoing **"Motion and Memorandum In Support Of Motion Under Title 28 USC §2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody, And Or In The Alternative Motion To Dismiss Indictment,"** based on the grounds/issues presented hereon, and so that true **Justice May Prevail,** once again.

Respectfully Submitted

*Adalberto Cipple*

Pro Se
Adalberto Cipple
Tilden Unit Reg. No. 69666-079
Federal Prison Camp
P.O. Box  4300
Three Rivers, Texas
78071

Mailed on this __th day of _12 - 10 -____, 200_1_.

(15)

# CERTIFICATE OF SERVICE

I Adalberto Cipple, hereby certify that a true and correct copy of this instant foregoing **"Motion and Memorandum Of Law In Support Of Motion Under Title 28 USC §2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody, And Or In The Alternative To Dismiss Indictment,"** was mailed postage prepaid properly addressed to the below interested parties depositing the same in an institutional receptacle provided by the Government for this purpose interposing **Houston vs Lack**, 487 US 266 (1988).

I Adalberto Cipple, hereby declare (Certify, Verify, or State) under the penalty of perjury that the above foregoing document is true and correct pursuant to Title 28 USC §1746.

United States Attorney
Charles Lewis
AUSA
1036 E. Levee Street
Brownsville, Texas
          78520

Respectfully Submitted

*Adalberto Cipple*

Pro Se
Adalberto Cipple
Tilden Unit Reg No. 69666-079
Federal Prison Camp
P.O. Box 4300
Three Rivers, Texas
          78071

Mailed on this___th day of _12 - 10 -_____, 200_1_.

In The
United States District Court
For The Southern District Of Texas
Brownsville Division

| | |
|---|---|
| Adalberto Cipple )<br>        Petitioner )<br><br>VS )<br><br>United States Of America )<br>        Respondent )<br>)<br>) | Crim. No. B-95-00223-01<br><br>Civil No._____<br><br>**(To Be Issued)** |

**ORDER**

    **CAME** on to be considered Petitioner Adalberto Cipple's **"Motion And Memorandum Of Law In Support Of Motion Under Title 28 USC §2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody, And Or In The Alternative To Dismiss Indictment,"** and the Court having considered said motion is hereby;

**GRANTED**_____ or **DENIED**_____.

SIGNED on this\_\_\_th day of _____, 200\_\_.

_____
United States District Judge
Filemon B. Vela, Presiding.

# EXHIBIT

**A**

**INDICTMENT**

**S E A L E D**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS**

**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
F LED

OCT 2 4 1995

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CRIMINAL NO. B - 9 5 - 2 2 3 |
| | § | |
| ADALBERTO CIPPLE | § | |
| a/k/a "BETO" | § | |
| JUAN GILBERTO PEREZ | § | |
| GERALDO TORRES | § | |
| a/k/a "JERRY" | § | |
| JOSE MEJIA | § | |
| AGAPITO MONTALVO SILGUERO | § | |
| SEVERIANO PEREZ | § | |
| JAIME BENAVIDEZ | § | |
| OSCAR BELTRAN | § | |
| THOMAS CASARES | § | |

## INDICTMENT

THE GRAND JURY CHARGES:

### COUNT 1

That from in or about 1991 up to the return of this indictment in the Southern District of Texas and elsewhere and in the jurisdiction of this court, Defendants

ADALBERTO CIPPLE
a/k/a "BETO"
JUAN GILBERTO PEREZ
GERALDO TORRES
a/k/a "JERRY"
JOSE MEJIA
AGAPITO MONTALVO SILGUERO
SEVERIANO PEREZ
JAIME BENAVIDEZ
OSCAR BELTRAN
THOMAS CASARES

did knowingly, intentionally and unlawfully combine, conspire, and confederate and agree together and with Arnoldo Belmontes, Artemio Belmontes, Jr., Jorge Bustamante, Javier "El Negro" Cisneros, Juan

"El Guero" Cisneros, Jose Angel Requejo, David Vela, Ivo P

Jr. and others, known and unknown to the grand jury, to possess

intent to distribute and to distribute in excess of 1000 kilog

of marihuana, a Schedule I controlled substance, in violation

Title 21, United States Code, Section 841(a)(1), all in violation

of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

## COUNT 2

That on or about June 7, 1994, in the Southern District of

Texas and in the jurisdiction of this Court, Defendants

~~ADALBERTO CIPPLE~~
JUAN GILBERTO PEREZ

did knowingly, intentionally ~~and unlawfully~~ possess with intent

to distribute in excess of 100 kilograms of marihuana, a Schedule

I controlled substance, in violation of 21 U.S.C. 841(a)(1),

841(b)(1)(B) and 18 U.S.C. 2.

## COUNT 3

That on or about July 6, 1994, in the Southern District of

Texas and in the jurisdiction of this Court, Defendants

ADALBERTO CIPPLE
JUAN GILBERTO PEREZ

did knowingly, intentionally and unlawfully possess with intent to

distribute in excess of 100 kilograms of marihuana, a Schedule I

controlled substance, in violation of 21 U.S.C. 841(a)(1),

841(b)(1)(B) and 18 U.S.C. 2.

## COUNT 4

That on or about December 21, 1994, in the Southern District

of Texas and in the jurisdiction of this Court, Defendant

2

# ADALBERTO CIPPLE

did knowingly, intentionally and unlawfully possess with intent

distribute in excess of 100 kilograms of marihuana, a Schedul

controlled substance, in violation of 21 U.S.C. 841(a)(

841(b)(1)(B) and 18 U.S.C. 2.

A TRUE BILL:

*Mary Ellen Cavaza*
FOREMAN OF THE GRAND JURY

GAYNELLE GRIFFIN JONES
UNITED STATES ATTORNEY

--------------------------------
CHARLES E. LEWIS
Assistant United States Attorney

3