4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| ADALBERTO CIPPLE | § | |
| Petitioner | § | C.A. B-01-204 |
|  | § | |
|  | § | CR-B-95-223 |
| UNITED STATES OF AMERICA | § | |
| Respondent | § | |

United States District Court
Southern District of Texas
FILED

JAN 2 8 2002

Michael N. Milby
Clerk of Court

## RESPONSE AND MOTION TO DISMISS CIPPLE'S MOTION FOR RELIEF UNDER 28 U.S.C. §2255

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, "the government," files this response and motion to dismiss Adalberto Cipple's (Cipple's) motion for relief under 28 U.S.C. §2255. In support thereof the government would show the court the following.

I

## JURISDICTION

Cipple assails the judgment of conviction and sentence entered by the district court on April 18, 1996 (DOC 267). Cipple appealed. On June 2, 1997, the United States Court of Appeals for the Fifth Circuit issued an opinion affirming the conviction. *United States v. Torres*, 114 F.3d 520 (5th Cir. 1997). Since Cipple did not petition the Supreme Court for a writ of certiorari, the judgment of conviction and sentence became final on September 1, 1997. Although this court is vested with jurisdiction under 28 U.S.C. § 2255, this case must be dismissed as time-barred.

II

## MOTION TO DISMISS: TIME BARRED

On April 24, 1996, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA) which amended § 2255 as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (amended June 1, 1996). Cipple's motion is barred by the provisions of 28 U.S.C. § 2255(1): it was filed long after the expiration of the one year limitation of § 2255.

In *United States v. Thomas*, 203 F.3d 350 (5th Cir. 2000), the Fifth Circuit addressed the issue of when a federal criminal conviction becomes final for purposes of 28 U.S.C. § 2255(1) when the movant has requested and has been denied a writ of certiorari from the Supreme Court. In *Thomas*, the § 2255 petitioners had filed petitions for writs of certiorari from the Supreme Court which were denied on November 12, 1996. One year and three days later, November 14, 1996, they filed their motions for relief under 28 U.S.C. § 2255. The district court dismissed the motions as time barred. The district court reasoned that the convictions had become final when the Fifth Circuit

2

issued its mandate affirming the judgment on direct appeal. The court of appeals granted the petitioners a certificate of appealability to resolve the issue of precisely when a conviction becomes final. 203 F.3d at 352.

After noting a split in the circuits on this issue, the *Thomas* court held the one-year limitation period for 28 U.S.C. § 2255(1) begins to run when a petition for certiorari is denied by the Supreme Court or when the Supreme Court issues a decision on the merits. Thus, the *Thomas* petitioners convictions became final on November 12, 1996. Since their § 2255 motions were not filed until November 14, 1997, more than one year after that date, their motions were untimely and properly dismissed by the district court. 203 F.3d at 355.

Undeterred, the petitioners in *Thomas* asserted that their judgments did not become final (a) until the court of appeals received notice that the petitions were denied or, in the alternative, (b) until the twenty-five day period allotted for filing a petition for rehearing of the Supreme Court's denial of certiorari review expired. 203 F.3d at 355; SUP. CT. R. 44.2. The Fifth Circuit rejected these assertions largely under the authority of Supreme Court Rule 16.3, which provides:

> Whenever the Court denies a petition for writ of certiorari, the Clerk will prepare, sign, and enter an order to that effect and will notify forthwith counsel of record and the court whose judgment was sought to be reviewed. The order of denial will not be suspended pending the disposition of a petition for rehearing except by order of the Court or a Justice.

SUP. CT. R. 16.3. The *Thomas* court then observed:

> Moreover, an order denying a petition for writ of certiorari is effective immediately upon issuance, absent extraordinary intervention by the Supreme Court or a Justice of the Supreme Court. ***For these reasons, we conclude that there is no justification or authority for delaying the one year period of limitations until the appellate court receives notice that the Supreme Court has denied a criminal defendant's petition for writ of certiorari.***

3

203 F.3d at 356 (emphasis added). The court further observed that, "[the] plain text of Supreme Rule 16.3 provides that an order denying certiorari review *takes legal effect and is not suspended pending any application for rehearing.*" *Id.* (emphasis added). The *Thomas* court thus held:

> [When] a federal criminal defendant files a timely petition for writ of certiorari review on direct appeal and that petition is subsequently denied by the Supreme Court, *the federal judgment of conviction becomes final for purposes of the one year limitation period set forth in § 2255(1) on the date that the Supreme Court denies the defendant's petition for writ of certiorari on direct review.*

*Thomas*, 203 F.3d at 356,(emphasis added). *See also*, *United States v. Gamble*, 208 F.3d 536 (5th Cir. 2000); *United States v. Willis*, 202 F.3d 1279 (10th Cir. 2000)("absent an actual suspension of an order denying certiorari by the Court or a Justice, a judgment of conviction is final for purposes of the one-year limitation period in § 2255 when the United States Supreme Court denies a petition for writ of certiorari after a direct appeal, regardless of whether a petition for rehearing from the denial of certiorari is filed. After the Supreme Court has denied a petition for writ of certiorari, neither the filing of a petition for rehearing from the denial of certiorari, nor the expiration of time in which such a petition could be filed delays the commencement of the one-year limitation period.").

Cipple's judgment of conviction and sentence became final on September 1, 1997; Cipple filed the instant motion over four years later on December 13, 2001. Cipple has alleged nothing to exempt him from the running of the one-year limitation. Accordingly, Cipple's motion for relief under 28 U.S.C. § 2255 is without merit and must be dismissed.

III

## MOTION TO DISMISS: WANT OF JURISDICTION

Cipple's alternative suggestion, that his pleading be deemed a motion to dismiss the indictment under Rule 12(b)(2) of the Federal Rules of Criminal Procedure, is similarly unavailing. Rule 12(b)(2) permits a defendant to move to dismiss an indictment at any time "during the pendency of the proceedings". Cipple's criminal case is final - the proceedings are no longer pending. Consequently, jurisdiction does not lie under Rule 12(b)(2).

In *United States v. Wolff*, 241 F.3d 1055 (8th Cir. 2001), the Eighth Circuit held that "after final judgment was entered and Wolff did not file a direct appeal, the proceedings were no longer pending." 241 F.3d at 1056). The *Wolff* Court relied upon *Carlson v. Hyundai Motor Company*, 222 F.3d 1044 (8th Cir. 2000), to support its decision. In *Carlson*, the court rejected the contention that a matter was "pending" when the plaintiff's time to petition the Supreme Court had not expired. The court noted that "pending" means "awaiting decision." 222 F.3d at 1045 (citing, BLACK'S LAW DICTIONARY 1154 (7th ed. 1999). In the same vein, "pendency" means "the state of an action, etc., after it has begun, and before the final disposition of it." BLACK'S LAW DICTIONARY 1020 (5th ed. 1979). In the case at bar, nothing is pending in Cipple's case - the matter has been fully disposed of by the district court, this court, and the Supreme Court. Consequently, Cipple's alternative assertion that this court has jurisdiction under Rule 12(b)(2) to dismiss the indictment is devoid of merit and the court should summarily dismiss this motion as time barred.

IV.

## MOTION TO DISMISS: RULE NOT RETROACTIVE

Cipple's motion turns wholly on application of the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.C. 2348 (2000). Cipple baldly asserts that the indictment under which he was convicted does not set out the amount of contraband involved in the offense. A cursory glance at the indictment reveals that Cipple's complaint rests on a dubious factual proposition: each charge in the indictment *sub judice* contains an averment touching upon the amount of contraband involved in the offense. To the extent that *Apprendi* requires that the amount of contraband involved in the offense must be alleged in the *Apprendi* is not implicated. However, the argument can be advanced that the jury was not required to make a finding beyond a reasonable doubt as to how much marijuana was involved in the offense. This is so because at the time of Cipple's trial, the jury was not required to make such a finding. Thus, Cipple's motion merits additional consideration only if he can show that the *Apprendi* rule applies retroactively.

Although the United States Court of Appeals for the Fifth Circuit has yet to address the issue, the courts of appeals that have, and the lion's share of the district courts that have, hold that *Apprendi* is not retroactive to cases on collateral review. *United States v. Moss*, 252 F.3d 993 (8th Cir. 2001); *United States v. Sanders*, 247 F.3d 139, 147-48 (4th Cir. 2001) (citing *Jones v. Smith*, 231 F.3d 1227 (9th Cir. 2000)). In *Sanders*, the Fourth Circuit proceeded from the premise that *Apprendi* could only be deemed retroactive if it fell within the second exception of *Teague v. Lane*, 489 U.S. 288 (1989), that is, whether the new rule is such that without it "the likelihood of an accurate conviction is seriously diminished." *Sanders*, 247 F.3d at 148. The court observed, "Improving the accuracy of the trial, however, is not sufficient. Rather, a 'rule that qualifies under

6

this exception must not only improve the accuracy, but also alter our understanding of *the bedrock procedural elements* essential to the fairness of a proceeding." *Id.* (quoting *Sawyer v. Smith*, 497 U.S. 227, 242 (1990)). Although the effect of *Apprendi* is dual faceted - it requires that a jury determine facts supporting a statutory sentencing enhancement and that this finding be made beyond a reasonable doubt, rather than by a preponderance of the evidence - these are not the type of "watershed rules implicating fundamental fairness that require retroactive application on collateral attack." *Ibid.* Merely shifting fact-finding duties does not fall within the scope of the second *Teague*-exception. Indicative of the fact that *Apprendi* does not rise "to the level of a watershed change in criminal procedure" is the fact that *Apprendi* claims are subject to harmless and plain error review. *Sanders*, 247 F.3d at 150 (citing *United States v. Meshack*, 225 F.3d 556, 575 (5th Cir. 2000)). The Fourth Circuit concluded:

> In short, the new rule announced in *Apprendi* does not rise to the level of a watershed rule of criminal procedure which "alters our understanding of the bedrock elements essential to the fairness of a proceeding. *Sawyer*, 497 U.S. at 242. Because the rule does not apply retroactively on collateral review, Sanders cannot challenge his conviction on the basis of any such error.

*Id. See also, United States v. Foote,* 2001 WL 671465 (N.D. Tex. June 12, 2001); *United States v. Brown,* _ F.Supp.2nd _, 2000 WL1880280 (N.D. Tex. Dec. 28, 2000); *United States v. Levan,* _ F. Supp. 2nd _, 2001 WL 50502 *3 - *6 (E.D. Pa. Jan. 18, 2001); *United States v. Jackson,* _ F.Supp. 2nd _, 2001 WL 228179 *3 (S.D. Al. Feb. 28, 2001); *United States v. Zapata-Rodriguez,* _ F.Supp. 2nd _, 2001 WL 194758 *2 (N. D. Tex. Feb. 22, 2001). *See also, Washington v. Fleming,* _F.Supp. 2nd _, 2001 WL 1343431 *2 note 10 (N.D. Tex. October 30, 2001). *But see, United States v. Clark,* 260 F.3d 382, 383 *et seq.* (5th Cir. 2001) (J. Parker dissenting).

In *McCoy v. United States*, 266 F.3d 1245 (11th Cir. 2001), the Eleventh Circuit joined those courts that hold that *Apprendi* is not retroactively applicable to cases pending on collateral review for the first time. At the outset, the *McCoy* court rejected the contention that *Apprendi* error was jurisdictional, that is, the failure to allege the amount of contraband involved in a violation of 21 U.S.C. § 846 or 841(a)(1) deprived the court of jurisdiction. Thereafter, the court observed:

> In contrast, *Apprendi* errors - whether arising from the indictment or a jury instruction - are errors in criminal procedure that do not occur or ripen until the time of sentencing and affect at most the permissible sentence but do not invalidate the criminal conviction or materially change the theory of the case so as to amend the underlying indictment.

*McCoy*, 266 F.3d at 1258. Turning to the issue of whether or not the rule in *Apprendi* was applicable in a § 2255 proceeding, the *McCoy* panel joined the Fourth, Eighth, and Ninth Circuits and held "that the new constitutional rule of criminal procedure announced in *Apprendi* does not apply retroactively on collateral review." 266 F.3d at .[1] The Eleventh Circuit recently restated the *McCoy* analysis.

> [T]he *Teague* bar applies without regard to the merits of the underlying claim, or that doctrine would have no function and meaning. The effect of *McCoy*'s holding that *Apprendi* is not retroactively applicable to cases on collateral review--or more accurately, that *Apprendi* is not applicable to cases in which the conviction had become final before that decision was released--is to bar all *Apprendi* claims in such cases whether or not they are meritorious.

*Hamm v. United States,* 2001 WL 1220493 *1 (11th Cir. Oct. 15, 2001). *See also, Gonzales v. United States*, 159 F.Supp.2nd 555, 560 (S.D. Tex. 2001) (rule announced by Supreme Court in *Castillo v. United States*, 530 U.S. 120 (2000) and *Apprendi v. New Jersey, supra*, are procedural and not retroactive to cases on collateral attack); *Stanley v. United States*, _ F.Supp.2nd _, 2002 WL 84530 (N. D. N.Y. Jan. 18, 2002). This court should join the courts that have held that *Apprendi* is

---

[1] The *McCoy* court also held that the *Apprendi* claims were procedurally barred. 2001 WL 1131653 *10-11.

8

not retroactively applicable to cases on collateral review and deny relief on this ground.

The government prays that this court enter an order dismissing this motion as time-barred.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

By: _____
JAMES L. TURNER
Assistant United States Attorney
Attorney for respondent
P.O. Box 61129
Houston, Texas 77208
State bar No. 20316950
Fed.Id.No. 1401
(713) 567-9102

9

## CERTIFICATE OF SERVICE

I, James L. Turner, do hereby certify that a copy of the foregoing Respondent's Answer to Section 2255 Motion, Motion To Dismiss and Brief has been sent on this the 28th day of January, 2002, via certified mail, return receipt requested to

Mr. Adalberto Cipple
Reg. No. 69666-079
Tilden Unit Federal Prison Camp
P.O. Box 4300
Three Rivers, Texas 78071

_____
JAMES L. TURNER
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ADALBERTO CIPPLE | § | |
|    Petitioner | § | C.A. B-01-204 |
| | § | |
| | § | CR-B-95-223 |
| UNITED STATES OF AMERICA | § | |
|    Respondent | § | |

## ORDER

It is hereby ORDERED that the Government's Motion to Dismiss this action as time-barred is granted..

_____
UNITED STATES DISTRICT JUDGE