5

In The
United States District Court
For The Southern District Of Texas
Brownsville Division

United States District Court
Southern District of Texas
FILED

FEB 1 5 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| Adalberto Cipple | )<br>) |
| Petitioner | ) Crim. No. B-95-223 |
| vs | )<br>) Civil No. B-01-204 |
| United States Of America | )<br>) |
| Respondent | ) |

## Petitioners Response To Governments Response And Motion To Dismiss Cipple's Motion For Relief Under 28 USC §2255

To The Honorable Fileman B. Vela, United States District Judge Of Said Court;

**COMES NOW** the Petitioner Adalberto Cipple (hereinafter referred to as the Petitioner) appearing pro se and in propria persona. Petitioner therefore respectfully requests that this Honorable Court not to hold him to the same stringent standards as you would hold an Attorney At Law interposing, Haines vs Kerner, 404 US 599 (1972).

Petitioner respectfully moves for this Honorable Court to totally disregard, and or ignore the Governments response and or recommendations. And in support hereof the Petitioner would state to wit, and will show as follows;

## JURISDICTION

Petitioner is a prisoner in custody under a sentence of a court established by act of Congress claiming the right to be released upon the grounds that the sentence was imposed in violation of the

Constitution or laws of the United States, or that the court was without **JURISDICTION** to impose such sentence or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. The Petitioner may move the court which impose the sentence to vacate, set aside or correct the sentence pursuant to Title 28 USC §2255, for a person in federal custody. Therefore this Honorable Court has the **JURISDICTION** to hear and or to intertain, and to reach the merits of Petitioners Response to Governments Response, for relief in light of **Apprendi vs New Jersey**, 520 US 466, 120 S. Ct. 2348, 147 LEd 2d at 435 (2000): **Jones vs United States**, 526 US 227, 119 S. Ct. 1215, 143 LEd 2d at 311 (1999): **Bousley vs United States**, 523 US 614, 118 S. Ct. 1604 (1998).

## ARGUMENT AND POINTS OF AUTHORITY

Petitioner states the Government objects to the following;

(1) That Petitioner §2255 motion be dismiss, because the time limitation had expired.

(2) That Petitioners §2255 motion be dismiss, because want of jurisdiction.

(3) That Petitioners §2255 motion be dismiss, because rule not retroactive.

Therefore Petitioner now complaints that the Government Response **must** be in all entirety disregarded. The issues objected by the Government in their response are wholly unsupported, meritless, and clearly should not be entertained by these Honorable Court in light of **Apprendi vs New Jersey**, supra. Clearly the Petitioner has an **Apprendi** issue which is supported by the records, such as the defective indictment, supported by case law, and the evidence of the

2

unjust unconstitutional New Federal Sentencing Guidelines. And the unpredictable Administration of Judicial Criminal Processings, that allows the Government to **bribe** other codefendants **or** informents in exchange for either a reduction of sentence or allowed to keep a percentage of the seized properties by the Government. Therefore the Government **"NO"** matter what they submitted there is **"NO"** excapping the Petitioners issue presented in Petitioners §2255 Motion regarding **Apprendi**. The Government first objection was "that Petitioners §2255 motion be dismiss, because the time limitation had expired." On April 24, 1996, Congress passed the Antiterrorism And Effective Death Penalty Act (AEDA) which amended §2255 as follows;

**A.** 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

**(1)** the date on which the judgment of conviction becomes final.

Petitioner further states before the AEDA went into effect, you could file a §2255 motion in the court at any time, therefore suspending the old rule. The AEDA is unconstitutional, and is in violation of the **United States Constitution, Article I, Section 9, Clause 2,** it provides as follows;

> **"The privilege of the Writ of Habeas Corpus shall not be suspended unless when in cases of Rebellion or Invasion the public Safety may require it."**

Next the Government stated in their response, "Cipple has alleged nothing to exempt him from the running of the one-year limitation. The Government fails to mention, and or over-looked the favorable and controlling case law, **Ex Parte Bain,** 121 US 1, 12-13, 30 LEd at 849, 7 S. Ct. 781 (1887) the **Bain** case has never been disapproved .... because an indictment is jurisdictional the Petitioner **at any time** may raise an objection to the indictment. The violation of

3

Arrticle I, Section 9, Clause 2, and the **Ex Parte Bain,** should be ample support that indeed Petitioner is indeed entitled to file a §2255 motion.

The Governments second objection was "that Petitioners §2255 motion be dismiss, because want of jurisdiction." The Government submits a very short one page objection that cities **"NO"** Fifth (5th) Circuit case law, but rather relies on an Eighth (8th) Circuit case law that has **"NO"** precendent in the Fifth (5th) Circuit and should and or does not carry any weight in determining to decision making. The Government goes on with its meritless and fictious response as follows on page 5 of their response;

> "Cipples alternative suggestion, that his reading be demand a motion to dismiss the indictment under Rule 12(b)(2) of the Federal Rule of Criminal Procedure."

The Government contends that Petitioner citied and relied on FRCP, Rule 12(b)(2), and therefore Petitioners motion should be dismissed. The Government entire argument states that Petitioner utilized FRCP, Rule 12(b)(2). **Please, be so kind** and read Petitioners §2255 Motion. It appears that the Government intentionally, and or just did not understand, and or misconstrue Petitioners argument, thus presenting to these Honorable Court, made up, and or fictious evidence that never existed in Petitioners §2255 motion. See the following case law **United States vs Fitzgerald,** 89 F3d at 218 (5th Cir. 1996) it states;

> "An indictments failure to charge an offense constitutes a jurisdictional defect. Because an indictment is jurisdictional defendant at any time may raise an objection to the indictment based on failure to charge an offense."

Also see **United States vs Stirone,** 361 US 218 (1960) it states;

> "Thus, when an indictment fails to set forth an essential element of a crime the Court.... has **NO** jurisdiction to try (a defendant ) under that court of the indictment."

4

Also see **United States vs Cabrera-Terran**, 168 F3d at 141 (5th Cir. 1999) it states;

(1) Indictment failure to charge an offense constitutes a jurisdictional defect.
(2) Because an indictment is jurisdictional defendant at any time may raise an objection to the indictment based on failure to charge an offense and the defect is not waived by a guilty pled."
(3) To be sufficient an indictment must allege each material element of the offense; if it does not, it fails to charge.
(4) One of the central purpose of an indictment is to ensure that the grand jury finds probable cause that the defendant has committed each element of the offense.

Therefore Petitioner claims these Honorable Court has jurisdiction to dismiss Petitioners defective indictment, and Petitioner can raise the issue that his indictment is defective on its face at any time, because it is a jurisdictional matter. The last and third (3rd) issue the Government objected to is "that Petitioners §2255 Motion be dismiss, because rule is not retroactive."

**Apprendi** is a watershed case, recognizing and setting right, a long-standing violation of constitutional rights under the Fifth (5th) and Sixth (6th) Amendment. While the Government may argue that the retroactive application of such a case should or must be specifically provided for by the Supreme Court in the holding, therefore this is not the case.

A decision establishing a new rule of constitutional law is by its nature retroactive, when, as in **Apprendi vs New Jersey**, the violation of rights concerns "rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." See **Graham vs Collins**, 506 US 461, (1993). The **Graham** holding recognizes and conforms to the holding in **Teague vs Lane**, 489 US 288 (1989), where it was held that the Supreme Court need not make

5

the specific finding that a new rule was retroactive if the ruling dealt with these types of procedural constitutional violations--- that by the nature of the wrong, the new rule was a "**watershed rule of criminal procedure.**" See also <u>Sullivan vs Louisiana</u>, 508 US 275 (1993), holding that the statutory language, "**held retroactive,**" leaves room for retroactive application despite the absence of a specific pronouncement that it is "**held retroactive**" or that it is to be "**applied retroactive.**"

For a clear statement on the inherent retroactivity of the interpretive decisions of the Supreme Court, see <u>Rivers vs Roadway Express</u>, (1994) 511 US 298, 128 LEd at 274, 114 S. Ct. 1510, involving the retroactive application of a judicial interpretation of an existing statute, wherein at page 1519 it was held;

> "It is this Court responsibility to say what a statute means, and once the court has spoken, it is the duty of the other courts to respect that understanding of the governing rule of law. A judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to the construction." [emphasis added]

The "**watershed**" view of <u>Apprendi</u> was recognized and affirmed in <u>United States vs Murphy</u>, No. 4-95-1038 (August, 2000), 2000 WL 1140782 (D. Minn.).

Based on the above foregoing reasons the District Court has the authority to apply retroactive effect, and or treat Petitioners case with retroactive effects as stated in <u>Rivers vs Roadway Express</u>, supra, this case has never been over-turned it still holds.

## CONCLUSION

**WHEREFORE** the Petitioner respectfully moves this Honorable Court, to disregard the Governments Response, and issue an **ORDER,**

6

**GRANTING** Petitioners Response To The Governments Response, and to furthermore **GRANT** Petitioners §2255 Motion based on the reasons presented especially that Petitioner does indeed has a **Apprendi** violation, and so that true Justice May Prevail, once again.

                                  Respectfully Submitted

                                  */s/ Adalberto Cipple*

                                  Pro Se
                                  Adalberto Cipple
                                  Tilden Unit Reg. No. 69666-079
                                  Federal Prison Camp
                                  P.O. Box 4300
                                  Three Rivers, Texas
                                              78071

## CERTIFICATE OF SERVICE

I Adalberto Cipple, hereby certify that a true and correct copy of this instant foregoing **"Petitioners Response To Governments Response And Motion To Dismiss Cipples Motion For Relief Under 28 USC §2255,"** was mailed postage prepaid properly addressed to the below interested parties depositing the same in an institutional receptacle provided by the Government interposing, **Houston vs Lack**, 487 US 266 (1988).

I Adalberto Cipple, hereby declare (Certify, Verify, or State) under the penalty of perjury that the above foregoing motion is true and correct pursuant to Title 28 USC §1746.

United States Attorney
James L. Turner
AUSA
P.O. Box 61129
Houston, Texas
      77208

Respectfully Submitted

*/s/ Adalberto Cipple*

**Pro** Se
Adalberto Cipple
Tilden Unit Reg. No. 69666-079
Federal Prison Camp
P.O. Box 4300
Three Rivers, Texas
      78071

Mailed on this _11_th day of ___2_____, 2002.

In The
United States District Court
For The Southern District Of Texas
Brownsville Division

| | |
|---|---|
| Adalberto Cipple | ) |
| Petitioner | ) |
| | ) Crim. No. B-95-223 |
| vs | ) Civil No. B-01-204 |
| | ) |
| United States Of America | ) |
| Respondent | ) |

## ORDER

**CAME** on to be considered Petitioner Adalberto Cipples "Petitioners Response To Governments Response And Motion To Dismiss Cipples Motion For Relief Under 28 USC §2255," and the Court having considered said motion is hereby;

**GRANTED**_____   or **DENIED**_____.

**SIGNED** on this\_\_\_th day of _____, 200\_\_.

_____
**The** Honorable Fileman B. Vela,
United States District Judge
Of Said Court.