

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
ENTERED

FEB 2 2 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ADALBERTO CIPPLE, | § | |
|    Plaintiff-Petitioner, | § | |
| | § | CIVIL ACTION NO. B-01-204 |
| VS. | § | |
| | § | CRIMINAL NO. B-95-223-01 |
| UNITED STATES OF AMERICA, | § | |
|    Defendant-Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the court is a Motion filed pursuant to 28 U.S.C. § 2255 by Adalberto Cipple ("Cipple") seeking to set aside his 188 month sentence for violation of 21 U. S.C. § 841. (Docket No. 1). The government has filed a Response and Motion to Dismiss (Docket No. 4) which for the reasons set forth below should be granted.

## BACKGROUND

On October 24, 1995, Cipple and eight other defendants were indicted by a grand jury in Criminal No. B-95-223. (A copy of the indictment is attached as Exhibit A to Cipple's Memorandum in Support of his Motion (Docket No. 2)). Cipple was named in all four counts of the indictment which charged him and the other defendants with involvement in a multi year high volume marihuana operation. Cipple went to trial. He was found guilty on all counts and was sentenced on April 2, 1996 to 188 months confinement.

According to the government's Response, Cipple's conviction was affirmed *sub nomine United States v. Torres*, 114 F.3d 520 (5th Cir. 1997) on June 2, 1997. Cipple did not file an application for writ of certiorari, thus his conviction became final on September 1, 1997. The § 2255 Motion is dated December 10, 2001 and was filed on December 13, 2001.

## THE SECTION 2255 MOTION

Cipple claims that the indictment was constitutionally defective because the drug quantity was not alleged.

## RECOMMENDATION

Cipple's claim lacks merit. First it is time barred, since it was not filed within the one year limitation period contained in 28 U.S.C. § 2255.

Cipple seeks to avoid the one year time bar by claiming that his claim is governed by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000). In fact the indictment in Cipple's case did allege in each count that the drug quantities exceeded certain quantities.

As Judge Hittner of this district has pointed out, the Fifth Circuit has not determined whether or not *Apprendi* applies retroactively in a § 2255 proceeding. *Gonzales v. United States*, 159 F.Supp. 2d 555 (S. D. Tex. 2001). After reviewing the cases dealing with that issue, Judge Hittner determined that *Apprendi* did not apply retroactively.

Even if Cipple is correct in his view that *Apprendi* should apply to his case and that his claim is not time barred, his claim fails on the merits. *Apprendi* stands for the proposition that any fact which increases the penalty beyond the statutory maximum must be alleged and proven beyond a reasonable doubt. The maximum penalty which could have been assessed against Cipple was life, 21 U.S.C. § 841(b)(1)(A)(vii). Obviously his 188 month sentence did not exceed the statutory maximum, thus he has no *Apprendi* claim.

IT IS THEREFORE RECOMMENDED that the government's Motion to Dismiss be **GRANTED**. IT IS FURTHER RECOMMENDED that Adalberto Cipple's Habeas Petition be **DISMISSED**.

2

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 22nd day of February, 2002.

_____
John Wm. Black
United States Magistrate Judge