Original

In The
United States District Court
For The Southern District Of Texas
Brownsville Division

United States District Court
Southern District of Texas
FILED

MAR 14 2002

Michael N. Milby
Clerk of Court

|  |  |
|---|---|
| Adalberto Cipple ) | |
| Petitioner ) | |
| ) | Crim. No. B-95-223 |
| vs ) | Civil No. B-01-204 |
| ) | |
| United States Of America ) | |
| Respondent ) | |

**PETITIONER'S RESPONSE TO THE MAGISTRATE'S JUDGE'S REPORT AND RECOMMENDATION**

TO The Honorable Fileman B. Vela, United States District Judge Of Said Court;

**COMES NOW** the Petitioner Adalberto Cipple (hereinafter to be referred as the Petitioner) appearing pro se and in propria persona. Petitioner therefore respectfully moves that these Honorable said Court not to hold him to the same stringent standards as you would a professionally trained Attorney At Law interposing, **Haines vs Kerner,** 404 US 599 (1972).

Petitioner respectfully moves for this Honorable said Court to totally disregard, and or ignore the Magistrate's Judge's Report and Recommendation. And in support hereof the Petitioner would state to wit, and will show as follows;

**JURISDICTION**

Petitioner is a prisoner in custody under a sentence of a court established by an act of Congress claiming the right to be released upon the grounds that the sentence was imposed in violation of the Constitution or laws of the United States of America, or that the

Court was without jurisdiction to impose such sentence or that the sentence was in excess of the maximum authorized by law, or is other wise subject to collateral attack. The Petitioner may move the Court which impose the sentence to vacate, set aside or correct the sentence pursuant to Title 28 USC §2255, for a person in federal custody. Therefore this Honorable said Court has the **JURISDICTION,** the **POWER** to hear, and or to entertain, and to reach the merits of Petitioners response to the Magistrate's Judge's response, for relief in light of **Apprendi vs New Jersey,** 520 US 466, 120 S. Ct. 2348, 147 LEd 2d at 435: **Jones vs United States,** 526 US 227, 119 S. Ct. 1215, 143 LEd 2d at 311 (1999): Bousley vs United States, 523 US 614, 118 S. Ct. 1604 (1998).

### ISSUE'S PRESENTED FOR ARGUMENT

Petitioner argue's the Magistrate Judge object to the following issue's;

   a. That Petitioners §2255 motion be dismissed, because the time limitation had expired.
   b. That Petitioners §2255 motion be dismissed, because want of of jurisdiction.
   c. That Petitioners §2255 motion be dismissed, because rule was not retroactive.

Petitioner now claims that the Magistrate Judges Report and Recommendation must be in all entirety, and or totally be disregarded. The grounds objected by the Magistrate Judge in there response is wholly unsupported, meritless, and clearly should not be entertained by these Honorable Court in light of **Apprendi vs New Jersey,** supra.

Clearly the Petitioner has an **Apprendi** issue which is supported by the records, such as the defective indictment presented as an **EXHIBIT**

2

in Petitioners Title 28 USC §2255 motion, and also is supported by favorable Fifth Circuit case law, and the evidence of the unfair, unjust, and constitutionally defective New Federal Sentencing Guidelines. And the corrupt, unpredictable Administration of the Judicial Criminal Proceedings, that allows its partner the Government to abuse its power, as in when it is permitted for the Government to bribe other codefendants of informants in exchange for their cooperation in the prosecution of other, in return either a sentence reduction, or compensated with 25% of the seized currency, and property. NO matter what the Magistrate Judge submits in it report and recommendation there is no way to get around the **Apprendi** issue presented by the Petitioner. For example the Magistrate Judge objected to that Petitioners §2255 motion be dismissed, because the time limitation of one year had expired. On April 24, 1996, Congress passed the deadly and unjust act ever against the federal and state prisoner, tha **ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT (AEDA)** which amended §2255 as follows;

    A. 1- year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of- (1) the date on which the judgement of conviction becomes final.

Furthemore Petitioner states before the AEDA went into effect, you could file a Title 28 USC §2255 motion in the court **at any time,** as long you presented new issue's, therefore suspending the old rule. The **AEDA** is clearly unconstitutional, and is in violation of the **United States Constitution, Article I, Section 9, Clause 2,** it provides as follows;

3

> **"The privilege of the Writ of Habeas Corpus shall not be suspended unless when in cases of Rebellion or Invasion the public safety may require it."**

The Magistrate Judge fails to metion, and or over-looked the favorable Supreme Court, and controling case law, <u>Ex Parte Bain</u>, 121 US 1, 12-13, 30 LEd at 849, 7 S. Ct. 781 (1887) the <u>Bain</u> case has never been disapproved, and or over-turned... because an indictment is **JURISDICTIONAL** the Petitioner **at any time may** raise an objection to the indictment. The violation of **Article I, Section 9, Clause 2,** and the <u>Ex Parte Bain</u>, case should be ample support that indeed Petitioner is entitled to file a Title 28 USC §2255 motion.

The Magistrate Judge claims that the Southern District of Texas, Brownsville Division has no jurisdiction over Petitioners claim.**That** if an indictment failure to charge an offense constitutes a jurisdictional defect, and therefore Petitioner at any time may raise an objection to the indictment based on failure to charge an offense. When an Indictment fails to set forth an essential element of the crime the Court has no jurisdiction to sentence the Petitioner under that Court of the Indictment. The Magistrate Judge did not object to the following favorable Fifth Circuit, and Supreme Court case laws presented by Petitioner in his Motion §2255 to support his arguments. See the following case law, <u>United States vs Fitzgerald</u>,

> "An indictments failure to charge an offense constitutes a jurisdictional defect. Because an indictment is jurisdictional defendant at any time may raise an objection to the indictment based on failure to charge an offense."

Also see <u>United States vs Stirone</u>, 361 US 218 (1960) it states;

> "Thus, when an indictment fails to set forth an essential element of a crime the court.... has no jurisdiction to try (a defendant) under that Court of the indictment."

4

Also see <u>United States vs Cabrera-Terran</u>, 168 F3d at 141 (5th Cir. 1999) it states;

    a. Indictment failure to charge an offense constitutes a jurisdictional defect.
    b. Because an indictment is jurisdictional defendant at any time may raise an objection to the indictment based on failure to charge an offense and the defect is not waived by a guilty pled.
    c. To be sufficient an indictment must allege each material element of the offense; if ti does not, it fails to charge.
    d. One of the central purpose of an indictment is to ensure that the grand jury find probable cause that the defendant has committed each element of the offense.

Therefor Petitioner claims these Honorable Court has jurisdiction to dismiss Petitioners defective indictment, and Petitioner can raise at any time the issue that his indictment is defective on its face, because it is a jurisdictional matter

    To the matter of retroactive <u>Apprendi</u>, supra, is watershed case, recognizing and setting right, a long standing violation of Constitutional rights under the Fifth (5th) and Sixth (6th) Amendment of the United States Constitution. While the Magistrate Judge may argue that the retroactive application of such a case should or must be specifically provided for by the Supreme Court in the holding, therefore this is not the case. A decision establishing a new rule of constitutional law is by its nature retroactive, when, as in <u>Apprendi vs New Jersey</u>, the violation of rights concerns "RULE OF CRIMINAL PROCEDURE IMPLICATING THE FUNDAMENTAL FAIRNESS AND ACCURACY OF THE CRIMINAL PROCEEDING." See <u>Graham vs Collins</u>, 506 US 461 (1993). The <u>Graham</u> holding recognizes and conforms to the holding in <u>Teague vs Lane</u>, 489 US 288 (1989), where it was held that the Supreme Court need not make the specific finding that a new rule was retroactive if the ruling dealt with these types of procedural constitutional violations---- that by nature of the wrong, the new rule was a watershed rule of criminal procedure.

5

See also Sullivan vs Louisiana, 508 US 275 (1993), holding that the statutory language, "HELD RETROACTIVE," leaves room for retroactive application despite the absence of a specific pronouncement that it is "HELD RETROACTIVE" or that it is to be "APPLIED RETROACTIVE."

For a clear statement on the inherent retroactivity of the interpretive decision of the Supreme Court, see <u>Rivers vs Roadway Express Inc.</u>, (1994) 511 US 298, 128 LEd at 274, 114 S. Ct. 1510, involving the retroactive application of a judicial interpretation of an existing statute, wherein at page 151 it was held;

> "It is the Court responsibility to say what a statute means, and once the court has spoken, it is the duty of the other court to respect that understanding of the governing rule of law. A judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to the construction." (emphasis added)

The "WATERSHED" view of <u>Apprendi</u> was recognized and affirmed in the case of <u>United States vs Murphy</u>, No. 4-95-1038 (August, 2000), 2000 WL 1140782 (D. Minn.). Based on the above foregoing reasons the District Court, for the Southern District of Texas, Brownsville Division, has the power/authority to apply retroactive effect, and or treat Petitioners case with retroactive effects as stated in <u>Rivers VS Roadway Express Inc.</u>, supra, this acse has never been over-turned it still holds.

On March 1, 2002 the Petitioner received by United States Postal Mail the Magistrate's Judge's Report and Recommendation. However the Petitioner never receive an order from the District Court, Brownsville Division ordering and giving the Magistrate Judge an dead-line to file their report and recommendation. Therefore Petitioner was not aware the dead-line for filing the report and recommendation. If the Magistrate Judge did not meet the time limitation, and or the

6

dead-line as order the Petitioner will never know, and it is to late to file a motion for defaulting, and or for want of prosecution. Because the Petitioner was not service with and order showing how the time limitation for the Magistrate Judge to file their Report and Recommendation. It prevented the Petitioner from filing in the District Court a "Motion For Default And Summary Judgement." The Petitioner does not know if the Magistrate Judge met the time limitation, as required by law of the Criminal Proceeding. Therefore violating the Petitioners rights as guaranteed in the Fifth (5th) Amendment Due Process Clause and the Equal Protection Clause of the United States Constitution.

## CONCLUSION

WHEREFORE the Petitioner Adalberto Cipple respectfully moves these Honorable Court, to totally, to push aside the Magistrate's Judge's Report And Recommendation, and issue an ORDER, GRANTING the "Petitioner's Response To The Magistrate's Judge's Report And Recommendation."

FURTHERMORE to issue an ORDER, GRANTING Petitioner's Title 28 USC § 2255 Motion based on the reasons presented especially that supported by the records that Petitioner, and there is no excaping this issue, Petitioner does indeed has a <u>Apprendi</u> violation, and so Justice May Prevail.

Respectfully Submitted

*Adalberto Cipple*

Pro Se
Adalberto Cipple
Tilden Unit # 69666-079
Federal Prison Camp
P.O. Box 4300
Three Rivers, Texas   78071

## CERTIFICATE OF SERVICE

I Adalberto Cipple, hereby certify that a true and correct copy of this instant foregoing "Petitioner's Response To The Maristrate's Judge's Report And Recommendation," **was** mailed postage prepaid properly addressed to the below interested parties depositing the same in an institutional receptacle provided by the Government interposing, **Houston vs Lack,** 487 US 266 (1988).

    I Adalberto Cipple, hereby declare (Certify, Verify, or State) under the penalty of perjury that the above foregoing motion is true and correct pursuant to Title 28 USC §1746.

United States Attorney
James L. Turner
AUSA
P.O. Box 61129
Houston, Texas
       77208

Respectfully Submitted

*Adalberto Cipple*
Pro Se
Adalberto Cipple
Tilden Unit Reg. No. 69666-079
Federal Prison Camp
P.O. Box  4300
Three Rivers, Texas
       78071

Mailed on this _8_th day of March, 2002.

In The
United States District Court
For The Southern District Of Texas
Brownsville Division

|  |  |
|---|---|
| Adalberto Cipple | ) |
| Petitioner | ) |
|  | ) Crim. No. B-95-223 |
| vs | ) Civil No. B-01-204 |
|  | ) |
| United States Of America | ) |
| Respondent | ) |

### ORDER

**CAME** on to be considered Petitioner Adalberto Cipple "**Petitioner's Response To The Magistrate's Judge's Report And Recommendation,**" and the Court having considered said motion is hereby;

**GRANTED**_____ or **DENIED**_____.

**SIGNED** on this___th day of _____, 2002.

_____
The Honorable Fileman B. Vela
United States District Judge
Of Said Court.